UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **OMAR J. CALZADA**, <br><br> Plaintiff, <br><br> v. <br><br> **HON. LOREN ALIKHAN,** *et al.*, <br><br> Defendants, | Civil Action No. 25-cv-03281 (TSC) |

**MEMORANDUM OPINION**

Plaintiff Omar Jose Calzada, proceeding pro se, sues a number of judicial officers and other government officials in their official capacities, alleging that his 2012 arrest in Texas was improper because it was not performed by a federal officer and that the Fifth Circuit judgments rejecting his appeals were invalid because they were issued by the clerk. *See* Compl. ¶¶ 2–7, ECF No. 1. Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Defs.' Mot. to Dismiss ("Defs.' Mot."), ECF No 7. For the reasons below, the court will GRANT Defendants' motion.

**I.      BACKGROUND**

In 2012, Plaintiff was arrested, charged, and pleaded guilty in the U.S. District Court for the Western District of Texas to conspiracy to manufacture more than 100 marijuana plants in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. *See* Order at 2, 4, *United States v.*

*Calzada*, No. 5:12-cr-642 (W.D. Tex. Jan. 18, 2022), ECF No. 189.[1]  He was sentenced to time served and a term of supervised release, which he completed in January 2019.  *See id.* at 4–5. Thereafter, Plaintiff initiated several challenges to his conviction, *see id.* at 5–6, each of which were denied and later affirmed by the Fifth Circuit, *see United States v. Calzada*, No. 22-50090, 2023 WL 2010750, at *1 (5th Cir. Feb 15, 2023) (rejecting, *inter alia*, Plaintiff's contention that "the trial court did not have jurisdiction in his case because the state did not transfer custody of Calzada to the federal government" for failure to raise the claim below); *United States v. Calzada*, No. 23-50367, 2023 WL 6162797, at *1 (5th Cir. Sept. 21, 2023) (affirming the district court's jurisdiction and rejecting Plaintiff's contention on appeal that his due process rights were violated when he was "seized" without a federal arrest warrant); *United States v. Calzada*, No. 23-50838, 2024 WL 3103326, at *1 (5th Cir. June 24, 2024) (concluding that law of the case and Plaintiff's failure to previously raise his argument—that the district court lacked jurisdiction "because a federal law enforcement officer did not file his criminal complaint"—prevented further appellate review).

Plaintiff then filed a civil action in this court, *see Calzada v. Roberts*, No. 24-cv-2477, 2025 WL 1328764 (D.D.C. May 7, 2025), asserting that Chief Justice John Roberts and Judge Robert Conrad, the Director of the Administrative Office of United States Courts, "failed to properly supervise various judicial officers who were involved in his criminal prosecution and unsuccessful appeals." *Id.* at *2.  Specifically, Plaintiff alleged, *inter alia*, that his criminal conviction was invalid because no "[f]ederal law enforcement officer" was involved in his arrest or the issuance

---

[1] Although a court must presume all factual allegations contained in a complaint are true for the purpose of resolving a motion to dismiss, *see Am. Nat'l Ins. Co. v. FDIC*, 642 F. 3d 1137, 1139 (D.C. Cir. 2011); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), "[t]he court may take judicial notice of public records from other court proceedings," *Lewis v. Drug Enf't Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011).

of his criminal complaint and that the Fifth Circuit's decisions affirming the denials of his post-conviction motions were improperly issued by the Fifth Circuit clerk instead of a judge. Am. Compl. ¶¶ 4, 14, 31–38, *Calzada*, No. 24-cv-2477 (D.D.C. Sept. 9, 2024), ECF No. 3; *see also id.* ¶¶ 64–67. Judge AliKhan dismissed Plaintiff's Complaint for lack of subject matter jurisdiction to review decisions by other federal courts. *Calzada*, 2025 WL 1328764, at *5–6.

After numerous unsuccessful attempts to reassert his claims before Judge AliKhan, *see* Min. Ord., *Calzada*, No. 24-cv-2477 (D.D.C. Aug. 4, 2025), Plaintiff filed this lawsuit on September 18, 2025. *See* Compl. His Complaint names as Defendants Judge AliKhan, Assistant United States Attorney Oblea, several officials associated with his criminal proceedings in Texas, including the clerk of the Fifth Circuit, the United States Attorney for the Western District of Texas, and Judge Xavier Rodriguez, as well as Judge Conrad. *See id.* ¶¶ 32–37. The Complaint alleges that the Fifth Circuit's judgments were constitutionally defective because they are "issued by [the] Clerk Lyle Cayce" and not an Article III judge, *id.* ¶¶ 127–29, and that his criminal proceedings were *void ab initio* because he was arrested by a state police officer, *id.* ¶¶ 130–31. Plaintiff seeks declaratory and mandamus relief, as well as requests that the court order "sealed in-camera review of the Fifth Circuit's" records regarding its judgments. *Id.* ¶¶ 141.

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, *see Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004), and the law presumes that "a cause lies outside [the court's] limited jurisdiction" unless the plaintiff establishes otherwise, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). When deciding a Rule 12(b)(1) motion, the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences.'" *Am. Nat'l Ins. Co. v. FDIC*,

642 F. 3d 1137, 1139 (D.C. Cir. 2011) (citation omitted).  Nevertheless, "the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions."  *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)).

Under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The pleadings of pro se parties are to be 'liberally construed,' and a pro se complaint, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *James v. United States*, 48 F. Supp. 3d 58, 63 (D.D.C. 2014) (quoting *Erickson v. Pardus,* 551 U.S. 89, 94 (2007)).  "This benefit is not, however, a license to ignore the Federal Rules of Civil Procedure."  *Sturdza v. United Arab Emirates,* 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (quoting *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)).  "[E]ven a pro se plaintiff must meet his burdens of proving subject matter jurisdiction and stating a claim for relief."  *James*, 48 F. Supp. 3d at 63.

## III.    ANALYSIS

### A.  Motion to Dismiss

Defendants move to dismiss Plaintiff's Complaint on numerous grounds, including lack of subject matter jurisdiction and issue preclusion.  Defs.' Mot. at 4–5, 6–7.

It is well established that this court "lacks jurisdiction to review decisions of other federal courts." *Klayman v. Rao*, 49 F.4th 550, 552 (D.C. Cir. 2022) (per curiam) (quoting *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)); *see also United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[ ] appellate jurisdiction over other

judicial bodies, and cannot exercise appellate mandamus over other courts"). The gravamen of Plaintiff's Complaint is that the Texas district court lacked jurisdiction over his criminal case because he was not arrested by a federal officer and that the Fifth Circuit's decisions affirming the district court's denials of his post-conviction motions are invalid because they were issued by a clerk rather than a judge. *See* Compl. ¶¶ 2–8. But because the bases for Plaintiff's claims "are decisions made in separate legal proceedings by other district [and appellate] court judges," *Klayman*, 49 F.4th at 553, this court lacks the authority to review them, which is precisely why Judge AliKhan dismissed Plaintiff's nearly identical arguments when he raised them before her, *see Calzada*, 2025 WL 1328764, at *5.

Apparently aware of this defect, Plaintiff explains in his Complaint that he "does not challenge the merits of any substantive criminal charges," but rather attacks "antecedent jurisdictional prerequisites for any valid federal proceeding," Compl. ¶¶ 20, 23. Such a distinction, however, is immaterial; "a federal district court is not a reviewing court and, thus, lacks subject matter jurisdiction to review the final determinations of other courts," *Kissi v. United States*, No. 12-cv-1765, 2012 WL 5382898, at *1 (D.D.C. Oct. 31, 2012). That is so regardless of whether the challenge is "to the substance of the opinions" or "the validity of the judgments." *See Calzada v. Roberts*, No. 24-cv-2477, 2025 WL 1895610, at *5 (D.D.C. July 9, 2025) (denying Plaintiff's motion for reconsideration).

Moreover, Judge AliKhan's determination that the court lacks subject matter jurisdiction to review the validity of the Texas district court and Fifth Circuit's decisions carries preclusive effect.[2] *See Nat'l Ass'n of Home Builders v. EPA*, 786 F.3d 34, 41 (D.C. Cir. 2015) ("Issue

---

[2] In anticipation of Defendants' arguments, Plaintiff contends in his Complaint that issue preclusion does not apply because the Fifth Circuit's judgments are not "valid." *See* Compl. ¶ 115. But it is Judge AliKhan's decision that provides the requisite preclusive effect, and Plaintiff has

preclusion applies to threshold jurisdictional issues . . . as well as issues going to a case's merits."). For instance, in his prior case, Plaintiff raised "allegations that his original arrest and prosecution in the Western District of Texas were undertaken without a proper criminal complaint," which Judge AliKhan concluded were issues "extensively litigated in the Western District of Texas and the Fifth Circuit." *Calzada*, 2025 WL 1328764, at \*5. The court therefore "'lack[ed] jurisdiction to review decision of other federal courts.'" *Id.* (quoting *Klayman*, 49 F.4th at 552). Similarly, Judge AliKhan rejected Plaintiff's contention that "[the] Fifth Circuit Clerk of Court . . . improperly electronically filed that court's panel opinion in his three appeals" again on the ground that the court had "no jurisdiction to police the actions of the Fifth Circuit" and, alternatively, because "the recording of official court orders and opinions is a routine task by the Clerk of Court." *Id.* at \*5 & n.5 (citing Fed. R. App. P. 45(b)(1)). "[O]nce an issue is raised and determined, it is the entire issue that is precluded, not just the particular arguments raised in support of it in the first case." *Yamaha Corp. v. United States,* 961 F.2d 245, 254 (D.C. Cir. 1992). This court will not revisit Judge AliKhan's determinations. Accordingly, Defendants' motion to dismiss will be granted.

### B. Leave to Amend

Plaintiff has also filed an opposed motion for leave to amend his Complaint to include details about "jurisdictional alignment, custody sequencing, authority, and proper-party identification." Mot. to Amend. at 2, ECF No. 31; *see also id.* at 7–8. While courts "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), particularly where a plaintiff proceeds pro se, *see Moore v. Agency for Int'l Dev.,* 994 F.2d 874, 877 (D.C. Cir. 1993), they should not do

---

not made any meaningful challenge to that decision's validity, *see* Pl.'s Opp'n to Defs.' Mot. to Dismiss at 4–17, ECF No. 20.

so where amendment would be futile, would result in undue delay or prejudice, is motivated by bad faith or a dilatory motive, or follows a "repeated failure to cure deficiencies by previous amendments." *Onyewuchi v. Gonzalez*, 267 F.R.D. 417, 420 (D.D.C. 2010). Plaintiff's motion indicates that he merely seeks to elaborate on his challenge to his underlying criminal proceedings in Texas. *See* Mot. to Amend at 2, 7–8. As set forth above, however, this court lacks jurisdiction over any such challenges, which are also precluded by Judge AliKhan's prior opinion. Accordingly, any amendment would be futile. *See McGee v. District of Columbia*, 646 F. Supp. 2d 115, 119 (D.D.C. 2009) ("An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss.").[3]

## IV.    CONCLUSION

For the foregoing reasons, the court will grant Defendants' motion to dismiss, deny Plaintiff leave to amend his Complaint, and deny the remaining motions, ECF Nos. 8, 11, 17, 18, 21, 23, 25, 27, 28, 29, 32, 35, 38, 39, as moot. A separate Order will follow.

Date: May 28, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[3] In addition, Plaintiff has not attached an Amended Complaint to his motion for leave to file, as required under the court's Local Rules. *See* LCvR 7(i); *see also* LCvR 15.1.